| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>dcarlon@kmllawgroup.com<br>Attorneys for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-10 | Order Filed on September 4, 2018<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Nilda R. Vargas,<br><br>Debtor. | Case No.:  18-21683 RG<br>Adv. No.:<br>Hearing Date:  8/15/18 @ 9:00 a.m.<br>Judge:  Rosemary Gambardella |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: September 4, 2018**

*Rosemary Gambardella*
Honorable Rosemary Gambardella
United States Bankruptcy Judge

Page 2
Debtor:      Nilda R. Vargas
Case No.:    18-21683 RG
Caption:     **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-10, holder of a mortgage on real property located at 322 Midland Ave, Garfield, NJ, 07026-1717, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Russell Low, Esquire, attorney for Debtor, Nilda R. Vargas, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall make post-petition payments directly to Secured Creditor outside of the plan in accordance with the terms of the Court's loss mitigation order;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event loss mitigation is unsuccessful, Debtor is responsible for the difference between the loss mitigation payment and the regular payment for the months this loan was in the loss mitigation program; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by October 31, 2018, or as extended by an order extending loss mit or a modified plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's proof of claim while Debtor is seeking a loan modification; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event loss mitigation negotiations are unsuccessful, Debtor shall modify the plan to surrender, cure and maintain, sell, refinance, or otherwise address Secured Creditor's claim; and

Page 3
Debtor:      Nilda R. Vargas
Case No.:    18-21683 RG
Caption:     **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

It is **FURTHER ORDERED, ADJUDGED and DECREED** the Secured Creditor does not waive its rights to pre- or post-petition arrears in the event loss mitigation is unsuccessful; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.